## THE STATE v. MICHAEL CORTESE.

Decided August 2, 1926.

**Crimes—Blackmail—Threatening Letters—Plaintiff in Error and Two Others Convicted Upon Circumstantial Evidence—There was Evidence Sufficient to Make a Question for the Jury—Admission in Evidence of a Revolver Recovered From House of Plaintiff in Error Without a Search Warrant Not Error—Testimony Relating to a Conversation at Which One of the Defendants, but Not the Plaintiff in Error, was Present Not Improper, Since no Objection was Made on Behalf of the Plaintiff in Error Only—Other Grounds Considered and Overruled.**

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Harold Simandl.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error and two others were indicted upon a charge of sending to one Father D'Aquilla a letter demanding from him the sum of $10,000, and containing a threat to maim, wound and kill him if he did not comply with the demand. The trial of the indictment resulted in the conviction of all three. Cortese alone seeks a review thereof.

The first ground of reversal urged upon us is that the trial court erred in refusing to direct a verdict in favor of the plaintiff. The theory upon which his counsel bases this contention is that, as there was no direct evidence of his client's complicity in the sending of the letter, the conviction is without a legal basis upon which to rest. This theory clearly is unsound. It is elementary law that a conviction based exclusively upon circumstantial evidence, which is of

such a character as to satisfy the mind of the jurors, beyond a reasonable doubt, of the defendant's guilt, is valid, although there was no direct evidence thereof.   There was circumstantial evidence in the present case sufficient to make the question of the guilt or innocence of Cortese one for the determination of the jury, and the trial court, therefore, properly refused to direct a verdict upon the ground indicated.

Next, it is argued that a reversal should be had because the trial court assumed in its charge to the jury that there was no direct evidence of Cortese's guilt, and that the state depended wholly upon circumstantial evidence, and that, as a result of this assumption, the court erroneously charged the jury that they might convict solely upon such circumstantial evidence.   Accepting as true the statement that the court inferentially told the jury that there was no direct evidence of the guilt of the plaintiff in error (which, as we have stated, was the basis upon which counsel rested his motion to direct a verdict of acquittal), although there was such evidence in fact, the misstatement of the court was a benefit rather than an injury to the plaintiff in error, for it took away from the jury the consideration of what might have been a determinating factor in reaching a conclusion as to the latter's guilt.

It is further argued as a ground for reversal that the court improperly admitted in evidence a revolver belonging to the plaintiff in error, taken by the police from his house without a search warrant having been issued therefor.   The ground of the objection to the admission of the revolver was that its taking was an illegal and unconstitutional invasion of the rights of the defendant, and that, therefore, it could not be used as a factor in determining the question of his guilt or innocence.   This contention, however, is contrary to the doctrine of *State* v. *MacQueen*, 69 *N. J. L.* 528, where we declared that papers of a defendant unlawfully secured, even by means of an unjustifiable search or seizure, are, nevertheless, admissible in evidence against him, if material to the issue then being tried.

The next ground for reversal argued is that testimony relating to a conversation had between a witness of the state and Rizzo, who was one of the defendants, was improperly admitted, as it was not held in the presence of the plaintiff in error, and that its admission was harmful error so far as he was concerned. Proof of the conversation was competent so far as the defendant Rizzo was concerned. Not having been had in the presence of Cortese, it was not competent as against him. But the objection to the admission of the testimony was that it was incompetent as to all of the defendants, and the objection itself, being unsound, was, therefore, properly overruled. If counsel for the plaintiff in error had desired to protect his client against the effect of this testimony, he should have requested the court to instruct the jury that, although it was evidential as against Rizzo, it was not evidential as against his client.

The next ground urged for a reversal is that the trial court improperly refused to strike out certain questions that had been asked by the prosecutor of the pleas, and the answers thereto. The questions were asked and the answers were given before a recess was taken by the court. No application was made to strike them out until after the court reconvened. In this situation the refusal of the court was proper, and this objection is without merit.

The next ground for reversal is that the court erroneously overruled an objection made by counsel for the plaintiff in error to a question put by the prosecutor of the pleas after it had been answered. The question was put by the prosecutor on cross-examination to a witness called by the defense, and was as follows: "Do you know that your wife carried messages to the jail, when she visited there, from Cortese to Rizzo?" The objection, not being made until after the question was answered, presumably came too late. If, however, we assume that there was not sufficient time elapsing between the asking of the question and the giving of the answer to interpose an objection, the refusal to sustain the objection was plainly harmless, the answer to it being "no, sir."

The only other grounds upon which we are asked to reverse the conviction under review are directed at alleged errors in the court's charge to the jury. It is not necessary to set them out in detail. We are content with the statement that we have examined and considered the excerpts from the charge, which are made the subject of these latter grounds for reversal, and find no harmful error in any one of them.

The judgment under review will be affirmed.